UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** f/k/a WELLS FARGO HOME MORTGAGE, INC. | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3599** |
| **MICHAEL L. JONES** | **SECTION "C" (2)** |

## ORDER AND REASONS

Before the Court are two motions, filed by Michael L. Jones ("Jones"). First, Jones moves to Strike Pursuant to Fed.R.Civ.P. 12(f) (Rec. Doc. 63); in addition, Jones seeks Costs and Fees Pursuant to 28 U.S.C. § 1927 (Rec. Doc. 64). Wells Fargo opposes both motions. The motions are before the court on the briefs without oral argument. Having considered the memoranda and arguments of counsel, the record, and the applicable law, the Court decides the motion as follows.

**I. BACKGROUND**

In this matter, Wells Fargo has filed a total of eight (8) appeals.[1] The case originated in Bankruptcy Court when Jones, the debtor-appellee, filed for Chapter 13 protection on August 26, 2003. On March 30, 2006, Jones filed an adversary action against Wells Fargo to recover

---

[1] The case numbers for the appeals are: 07-3599, 07-7993, 07-7994, 07-7995, 07-7996, 07-7997, 07-7998, and 07-9229.

1

alleged overpayments; Jones also alleged that Wells Fargo willfully violated the automatic stay.

In a "Memorandum Opinion" dated April 13, 2007, the Bankruptcy Court held that Wells Fargo erred by: (1) miscalculating pre-petition debt; (2) assessing additional pre-petition charges, without amending the proof of claim; (3) miscalculating post-petition debt by misallocating payments to pre- and post-petition debt, thereby increasing interest charges over the life of the plan; (4) assessing unauthorized post-petition fees and charges.[2]  Based on these findings, the Bankruptcy Court concluded that Wells Fargo violated the Bankruptcy Code's automatic stay.  *In re Jones*, 366 B.R. at 600.  Furthermore, the Bankruptcy Court held that Jones was entitled to recover "actual damages" under § 362(h) of the Bankruptcy Code.

On August 22 and 23, 2007, Wells Fargo entered four (4) Notices of Appeal and two (2) Motions for Leave to Appeal in the Bankruptcy Court record.[3]  The Bankruptcy Court promulgated an Amended Judgment on August 29, 2007.[4]  The Amended Judgment awarded $67,202.45 to Jones as damages and sanctions against Wells Fargo.[5]  In addition, the Amended Judgment ordered Wells Fargo to implement new accounting procedures.[6]  A Second Amended Judgment was entered in the record on September 14, 2007 to correct clerical error.[7]

---

[2]  *In re Jones*, 366 B.R. 584, 591-98 (Bkrtcy.E.D.La. 2007).

[3] Bankruptcy Case No. 06-01093, Rec. Docs. 145, 146, 147, 149, 150, and 151.

[4]  Bankruptcy Case No. 06-01093, Rec. Doc. 154.

[5] *Id*.

[6] *Id*.

[7]  Bankruptcy Case No. 06-01093, Rec. Doc. 183.  The Second Amended Judgment states, "This Judgment is being entered to change the word 'inspections' to 'insurance' in the

This Court consolidated Wells Fargo's appeals on December 13, 2007 into case 07-3599. In addition, the Court directed the parties to submit one omnibus brief covering all of the issues raised on appeal. (Rec. Doc. 31). To date, Wells Fargo has filed a Brief (Rec. Doc. 38), a Reply Brief (Rec. Doc. 52), and a Sur-Response Brief (Rec. Doc. 62).[8] One of Jones's motions seeks to strike the Sur-Response Brief (Rec. Doc. 63); the other motion requests costs and fees for defending against the Sur-Response (Rec. Doc. 64).

## II. LAW & ANALYSIS

### 1. Motion to Strike

In the Motion to Strike, Jones argues that Wells Fargo's Sur-Response is not relevant to the matters under review in the consolidated bankruptcy appeals. Further, Jones asserts that the Sur-Response should be stricken because it contains "scandalous" allegations. Essentially, Jones avers that the Sur-Response is an unsubstantiated attack on his veracity and integrity, and thus, should be stricken under *Carone v. Whalen*, 121 F.R.D. 231 (M.D.Pa. 1988) and *Nault's Auto Sales, Inc. v. American Honda Motor Co., Inc., Acura Auto Div.*, 148 F.R.D. 25 (D.N.H. 1993).

In opposition, Wells Fargo notes that motions to strike are not favored by the Fifth Circuit. In addition, Wells Fargo asserts that motions to strike are not applicable to appellate briefs because Rule 12(f) only applies to pleadings. Further, Wells Fargo relies on Fifth Circuit

---

third sentence of paragraph two in the accounting procedures."

[8] Jones has filed a Brief (Rec. Doc. 48) and a Sur-reply Brief (Rec. Doc. 57).

3

precedent, *Pan American Life Insurance Co. v. Blanco*, 311 F.2d 424 n.13 (5th Cir. 1962), to argue that matters are not stricken unless they have no possible bearing on the subject matter of the litigation.

Rule 12(f) states: "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Clearly, Jones's status as a CPA does not have any bearing on the subject matter of the litigation. Stated another way, Jones's employment history is not relevant to the Bankruptcy Court's findings that Wells Fargo violated the automatic stay.[9] Yet, the cases that Jones relies upon, *Carone v. Whalen* and *Nault's Auto Sales, Inc.*, do not provide sufficient support for the proposition that Rule 12(f) is applicable to Wells Fargo's filings in this bankruptcy appeal.

Again, Rule 12(f) applies to "pleadings." The pleading of claims and defenses is controlled by Federal Rule of Civil Procedure 7. The first part of Rule 7 describes pleadings, stating "[t]here shall be a complaint and an answer . . . no other pleading shall be allowed." Fed.R.Civ.P. 7(a). The Court notes that Rule 12(f) was analyzed in *Carone v. Whalen* in relation to a motion to strike the plaintiff's complaint. Wells Fargo's filings in this bankruptcy appeal do not satisfy Rule 7's definition of "pleadings." Because the text of Rule 12(f) limits its application to "pleadings" the Court is not convinced that Rule 12(f) can be invoked to strike Wells Fargo's Sur-Reply Brief. Accordingly, Jones's Motion to Strike is DENIED.

---

[9] Jones's previous employment, had he worked as a carpenter, astronaut, or CPA, is irrelevant to the case. Simply, there is no logical connection between Jones's employment history and Wells Fargo's accounting and collection practices.

**2. Motion for Costs & Fees**

Jones argues that Wells Fargo's Sur-Response Brief is vexatious and unreasonable, and thus, counsel for Wells Fargo should be personally responsible for costs and fees pursuant to 28 U.S.C. § 1927.  Jones relies on *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414 (5th Cir. 1994) to argue that Wells Fargo's Sur-Response evinces the intentional pursuit of a position that is unwarranted in fact or law.

Wells Fargo asserts that the shifting of fees and costs in this matter is unwarranted.  Specifically, Wells Fargo argues that its representations were based on reasonable interpretations of the documents after reasonable inquiry was made.  In addition, Wells Fargo maintains that it has not crossed § 1927's threshold because it has not multiplied the proceedings in an unreasonable and vexatious manner.

> Section 1927 states:
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The Fifth Circuit analyzed the requirements for imposing sanctions pursuant to § 1927 in *F.D.I.C. v. Calhoun*, 34 F.3d 1291 (5th Cir. 1994).  The *Calhoun* court noted that "[a]n imposition of sanctions under § 1927 requires a showing of improper purpose." *Calhoun*, 34 F.3d at 1300.  The Fifth Circuit has also ruled that "§ 1927 sanctions are penal in nature, and in order not to dampen the legitimate zeal of an attorney in representing his client, § 1927 is strictly construed." *Travelers Ins. Co.*, 38 F.3d at 1416 (internal citations omitted).  "Therefore, before

imposing such sanctions, a court must ensure that, pursuant to the plain terms of § 1927, the offending attorney's multiplication of the proceedings was both 'unreasonable' and 'vexatious' . . . evidence of recklessness, bad faith, or improper motive must be present." *Id.* at 1416-17 (internal citations omitted).

In this matter, the Court finds that Wells Fargo has unreasonably multiplied the proceedings. The Court notes that Wells Fargo has filed a total of eight (8) appeals. The case numbers for the appeals are: 07-3599, 07-7993, 07-7994, 07-7995, 07-7996, 07-7997, 07-7998, and 07-9229. The issues presented in these appeals substantially overlap.[10] Indeed, 07-7993 and

---

[10] 07-3599 is an appeal both from (1) the Bankruptcy Judgment filed April 13, 2007; (2) the Order denying motion to reconsider, filed May 1, 2007.

07-7993 is an appeal from the Bankruptcy Judge's Order denying Wells Fargo's Motion to Strike a "non-party" response, filed August 13, 2007 (filed as an appeal "as of right").

07-7994 appeals: (1) the Bankruptcy Judgment, filed April 13, 2007; (2) the Order denying motion to reconsider, filed May 1, 2007; (3) the Amended Judgment, filed Aug. 29, 2007; (4) the Order partially granting motion to alter or amend the Judgment, filed Sept. 14, 2007; (5) the Second Amended Judgment, filed Sept. 14, 2007; (6) the Order, filed Sept. 14, 2007; (7) the Amended Order, filed Sept. 24, 2007.

07-7995 appeals the Bankruptcy Judge's Order denying Wells Fargo's motion for relief from judgment, filed August 20, 2007.

07-7996 appeals the Bankruptcy Judge's Order denying Wells Fargo's Motion for leave to submit additional evidence or alternatively, to re-open the evidence, filed August 13, 2007 (filed as an appeal "as of right").

07-7997 appeals the Bankruptcy Judge's Order denying Wells Fargo's Motion to Strike a "non-party" response, filed August 13, 2007 (filed as a "motion for leave to appeal").

07-7998 appeals the Bankruptcy Judge's Order denying Wells Fargo's Motion for leave to submit additional evidence or alternatively, to re-open the evidence, filed August 13, 2007 (filed as a "motion for leave to appeal").

07-9229 appeals the Bankruptcy Judge's decision to stay only part of that court's

07-7997 are duplicates in terms of the issues presented, just as 07-7996 and 07-7998 are duplicates.[11] The difference between these appeals is their designation as "appeals of right" vs. "motions for leave to appeal." Under the Bankruptcy Rules, a district court may entertain appeals from interlocutory orders of the bankruptcy courts, if leave is granted. It was Wells Fargo's decision, however, to file the same appeal, only changing the title, as "of right" vs. "leave to appeal" that has multiplied the proceedings.[12] In addition, Wells Fargo's Sur-Response, as discussed above, addressed a topic beyond the bounds of relevance to the Bankruptcy Court's findings that Wells Fargo violated the automatic stay. Furthermore, as has been the pattern with Wells Fargo, its briefing of the issues is unnecessarily long-winded and repetitive. Therefore, Wells Fargo's third round of filings on appeal also multiplied the proceedings.

However, the Court does not find that the "vexatious" prong of § 1927 is satisfied under these circumstances. In *Travelers Ins. Co.*, the court found ample evidence of an improper motive because "[m]otions were blatantly untimely, filed almost a year after final amended judgment was entered" and "since the rendering of the jury verdict and the amended judgment in this case, defense counsel has badgered the Court with these various motions without basis in fact or law, in an attempt to intimidate the Court and retard the progress of the litigation." *Travelers Ins. Co.*, 38 F.3d at 1417 n. 6. In this matter, counsel for Wells Fargo has multiplied

---

judgment pending appeal. Wells Fargo argues that the Bankruptcy Judge only had authority to set the amount of the supersedeas bond, not to parse the effectiveness of the stay against the monetary and non-monetary aspects of the judgment.

[11] See n. 9 and accompanying text, above.

[12] It was unreasonable for Wells Fargo to usurp judicial resources to differentiate between the Bankruptcy Court's interlocutory and final orders.

the proceedings unnecessarily in a variety of ways, but the Court does not yet find his conduct to be "vexatious."

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Jones's Motion to Strike Pursuant to Fed.R.Civ.P. 12(f) is DENIED (Rec. Doc. 63).

IT IS FURTHER ORDERED that Jones's Motion for Costs and Fees Pursuant to 28 U.S.C. § 1927 is DENIED (Rec. Doc. 64)

New Orleans, Louisiana, this 25th day of June, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE