# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** f/k/a **WELLS FARGO HOME MORTGAGE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3599 & CONSOLIDATED CASES** |
| **MICHAEL L. JONES** | **SECTION "C" (2)** |
| | **BANK. NO.: 03-16518 "A"** |
| | **ADV. NO.: 06-01093** |

## ORDER AND REASONS

Before this Court is the Application of Counsel for the Appellee for an Award of Fees and Costs Related to Appeals (Rec. Doc. 80). Counsel for Michael Jones, Appellee-Plaintiff, seeks attorney fees incurred in resisting Wells Fargo's appeals in the amount of $106,933.25 and out-of-pocket expenses $1,220.01 for a total of $109,375.27. Appellant Wells Fargo opposes the motion. (Rec. Doc. 90, 100). Based on the memoranda of the parties, the applicable law and the record, this Court finds that Appellant is entitled to recover an award of fees and costs related to this Appeal for the following reasons.

## I. BACKGROUND

In this matter, Wells Fargo has filed a total of eight (8) appeals.[1] The case originated in Bankruptcy Court when Jones, the debtor-appellee, filed for Chapter 13 protection on August 26,

---

[1] The case numbers for the appeals are: 07-3599, 07-7993, 07-7994, 07-7995, 07-7996, 07-7997, 07-7998, and 07-9229.

1

2003. On March 30, 2006, Jones filed an adversary action against Wells Fargo to recover alleged overpayments; Jones also alleged that Wells Fargo willfully violated the automatic stay.

In a "Memorandum Opinion" dated April 13, 2007, the Bankruptcy Court held that Wells Fargo erred by: (1) miscalculating pre-petition debt; (2) assessing additional pre-petition charges, without amending the proof of claim; (3) miscalculating post-petition debt by misallocating payments to pre- and post-petition debt, thereby increasing interest charges over the life of the plan; (4) assessing unauthorized post-petition fees and charges. *In re Jones*, 366 B.R. 584, 591-98 (Bkrtcy.E.D.La. 2007). Based on these findings, the Bankruptcy Court concluded that Wells Fargo violated the Bankruptcy Code's automatic stay. *In re Jones*, 366 B.R. at 600. Furthermore, the Bankruptcy Court held that Jones was entitled to recover "actual damages" under § 362(h) of the Bankruptcy Code. (now § 362(k))

On August 22 and 23, 2007, Wells Fargo entered four (4) Notices of Appeal and two (2) Motions for Leave to Appeal in the Bankruptcy Court record. The Bankruptcy Court promulgated an Amended Judgment on August 29, 2007. (Bankruptcy Case No. 06-01093, Rec. Doc. 154.) The Amended Judgment awarded $67,202.45 to Jones as damages and sanctions against Wells Fargo. *Id*. In addition, the Amended Judgment ordered Wells Fargo to implement new accounting procedures. *Id*. A Second Amended Judgment was entered in the record on September 14, 2007 to correct clerical error.[2]

This Court consolidated Wells Fargo's appeals on December 13, 2007 into case 07-3599

---

[2] Bankruptcy Case No. 06-01093, Rec. Doc. 183. The Second Amended Judgment states, "This Judgment is being entered to change the word 'inspections' to 'insurance' in the third sentence of paragraph two in the accounting procedures."

and ordered omnibus briefing by both parties. Wells Fargo raised fifteen assignments of error, including some issues this Court has characterized as "borderline frivolous." Rec. Doc. 76 at n.2. Over the course of this appeal from the Bankruptcy Court Judgment, Wells Fargo has filed a 135-page Brief (Rec. Doc. 38), a 32-page Reply Brief (Rec. Doc. 52), and 19-page Sur-Response Brief (Rec. Doc. 62). Jones has filed a 66-page Brief (Rec. Doc. 48), a 34-page Sur-reply Brief (Rec. Doc. 57), a Motion to Strike Wells Fargo's Sur-Response Brief (Rec. Doc. 63); and a related motion for costs and fees for defending against the Sur-Response (Rec. Doc. 64).

In summary, Appellee seeks the following total amounts in fees as a result of this appeal:

Appellee Initial Brief:       $72,757
Appellee Sur-Reply Brief:   $22,663.75
Appellee Motion to Strike /
    Related Pleadings:     $11,512.50

Wells Fargo, Appellant, argues that Jones' counsel is not entitled to fees because 1) counsel also represents a class with adverse interests creating a conflict of interest and 2) this Court affirmed in part and denied in part appellant's appeal and therefore the appeal was reasonable. Alternatively, Jones' counsel should be awarded a lesser amount because 3) appellee's motion to strike was unsuccessful and appellant's sur-reply was unnecessary [3] and 4) fees by counsel with the Gordon, Arata, McCollam, Duplantis & Eagan, L.L.P. ("Gordon, Arata') firm prior to actual enrolling as counsel should be disallowed.

---

[3] Appellant makes several additional arguments on why Jones' counsel should receive less than requested in their application including the failure to exercise "billing judgment" and overly repetitive and duplicative work.

## II. LAW AND ANALYSIS

### 1) Conflict of Interest

Wells Fargo argues that Jones' counsel should be denied recovery of <u>all</u> fees because counsel represents clients with adverse interests. Wells Fargo argues that counsel's decision not to appeal the administrative part of judgment in this case conflicts with counsel's representation of a class of plaintiffs who seek a stay of the related Administrative Order 2008-1. Plaintiff denies a conflict of interest exists. Moreover, Administrative Order 2008-1, which the class seeks to stay, does not apply to Jones since he is no longer a debtor nor a mortgagor of Wells Fargo.

Rule 1.7 of the Louisiana Rules of Professional Conduct characterizes a conflict of interest as when "the representation of one client will be directly adverse to another client" or there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client."

This Court is not remotely persuaded that the interests of Jones and the class are adverse. First, both Jones and the class are similarly situated and neither party has decision-making authority in the affairs of the other. *See Davis v. Kraft Foods North America,* 2006 WL 237512 (E.D. Pa. Jan. 31, 2006) (cited by appellant) (noting conflict when counsel represented both an individual with authority to make disciplinary decisions and a class alleging discriminatory disciplinary decisions at the same corporation). Second, Jones does not have an interest, one way or another, in Administrative Order 2008-1. Jones' bankruptcy case was closed on April 9, 2007. Administrative Order 2008-1 was issued on January 11, 2008. The Order, and whether or

not it is stayed, has no impact on Jones' claim that Wells Fargo violated the automatic stay. Wells Fargo mistakes interest for strategy. A lawyer may, and indeed must, evaluate and direct a legal strategy that is specific to their client. La. R. Prof. Conduct 2.1 (noting that counsel must "render candid advice," which may include factors beyond the law such as moral, political, or economic). Based on the particularities of each case, it is clear that counsel may direct different strategies for clients with similar interests. This Court finds that appellee-plaintiff's counsel's representation of the class does not create a material conflict of interest. Therefore, appellee-plaintiff's representation of Jones and the class plaintiffs does not prevent recovery of fees in this action.

**2) This Court's Partial Order**

Wells Fargo argues that this Court vacated portions of the Judgment of the Bankruptcy Court and therefore their appeal was "well-taken." (Rec. Doc. 90 at 17). Because their appeal was "well-taken," appellant argues that appellee-plaintiff is not entitled to any recovery of fees. *Id*. Appellee-plaintiff's counsel seeks fees under 11 U.S.C. §362(k), which provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."[4] "Clearly, fees and costs experienced by the injured party in resisting the violator's appeal are part of the damages resulting directly from the stay violation." *Mitchell v.*

---

[4] Subsection (2) limits recovery to actual damages where an automatic stay is violated but in good faith that subsection (h), relating to personal property and notice by individual debtors, would apply to the action. As subsection (h) is not relevant to this matter, the limitation to actual damages does not apply in this case.

*BankIllinois*, 316 B.R. 891, 904 (S.D.Tex., 2004) *(citing In re Walsh*, 219 B.R. 873, 878 (9th Cir. BAP 1998)).[5] Whether or not an appeal was "well-taken" is irrelevant to the awarding of attorney fees under 11 U.S.C. §362(k). The primary factor is whether or not there is a willful violation of the automatic stay. *In re Walsh*, 219 B.R. at 878. This Court upheld the Bankruptcy Court's finding that Wells Fargo had willfully violated the automatic stay. Of the fifteen assignments of error by appellant, this Court remanded only one question to the Bankruptcy Court for additional findings, namely the appropriateness of the equitable remedy (which Wells Fargo had originally proposed). That remand does not undermine this Court's affirmation of the Bankruptcy Court's assessment of fault. Therefore, appellee-plaintiff is entitled to recover fees related to this Appeal.

**3) Appellee-plaintiff's Motion to Strike and Sur-Reply Brief**

Appellant seeks to exclude appellee-plaintiff's fees associated with their motion to strike. Appellant cites *Leroy v. City of Houston* for the proposition that fees should not be awarded for time spent on unsuccessful motions. 906 F.2d 1068 (5th Cir. 1990). *Leroy* is much more complicated than appellant suggests. The Fifth Circuit did reduce counsel's fees for hours related to "matters on which plaintiffs have not ultimately prevailed." *Id.* at 1084. Within context, however, of the Fifth Circuit's earlier discussion on why plaintiffs did not prevail reveals that the Fifth Circuit considered plaintiff's pursuit of interest from the date of judgment

---

[5] As such, appellee-plaintiff's motion is properly treated as a motion under 11 U.S.C. §362(k) and not Rule 59(e).

to be frivolous and therefore unreasonable. The Fifth Circuit noted that plaintiffs failed to follow clearly established and "appropriate procedure" in seeking modification of the previously issued Fifth Circuit mandate. *Id.* at 1074. Moreover, plaintiffs urged the district court on remand to award prejudgment interest, an action the district court was "without power" to do. *Id.* Hence, the Fifth Circuit disallowed much of the requested award. *Cf. White v. Imperial Adjustment Corp.,* 2005 WL 1578810, 11 (E.D.La. 2005) (Engelhardt, J.) (holding that "plaintiff should not be penalized for every unsuccessful procedural motion or opposition; simply because [plaintiff] lost a motion does not mean that [the] position was frivolous.")

Appellee-plaintiff moved to strike appellant's sur-reply brief, which appellee argued contained irrelevant and scandalous allegations. This Court stated:

> Clearly, Jones's status as a CPA does not have any bearing on the subject matter of the litigation. Stated another way, Jones's employment history is not relevant to the Bankruptcy Court's findings that Wells Fargo violated the automatic stay. Yet, the cases that Jones relies upon, *Carone v. Whalen* and *Nault's Auto Sales, Inc.*, do not provide sufficient support for the proposition that Rule 12(f) is applicable to Wells Fargo's filings in this bankruptcy appeal.

(Rec. Doc. 75 at 4). This Court did not find appellee-plaintiff's motion to be frivolous. To the contrary, this Court agreed that appellant's sur-reply brief was unnecessary and bore "no logical connection" to the issue on appeal, namely Wells Fargo's accounting and collection practices. *Id*. at n.9. This Court denied appellee-plaintiff's motion because this Court was not convinced that Rule 12(f) provided relief. However, in contrast to *Leroy*, it was not clearly established that Rule 12(f) did not apply and legal precedent does not suggest an alternative procedure available to plaintiffs. Appellee-plaintiffs are therefore entitled to recovery for costs associated with their

7

motion to strike.

In a similar vein, appellant argues that fees associated with appellee-plaintiff's sur-reply brief should be disallowed because it was unnecessary. (Rec. Doc. 90 at 13.). Appellee-plaintiff argues that its sur-reply brief was prompted by the appellant addressing topics this Court found to be "beyond the bounds of relevance." (Rec. Doc. 95 at 8, *citing* Order and Reasons, Rec. Doc. 75 at 7.) "Plaintiff's attorneys are obligated to represent their clients zealously, and the Court will not second-guess every unsuccessful strategic decision of plaintiff's counsel during this litigation." *White v. Imperial Adjustment Corp.,* 2005 WL 1578810, 11 (E.D.La. 2005) (Engelhardt, J.). This Court finds that appellee-plaintiffs are entitled to recovery for costs associated with their sur-reply brief.

**4) Fees for Gordon, Arata firm prior to enrolling as counsel**

Wells Fargo argues that counsel with the Gordon, Arata law firm should be precluded from recovering fees for work done prior to enrolling as counsel in this matter on February 19, 2008. The case cited by defendants, *In re Osborne*, 375 B.R. 216, 229 (Bkrtcy.M.D.La. 2007) can be distinguished from the case at bar. In *Osborne*, the Court disallowed the fees of the substituting attorney prior to enrolling as counsel, since logically the party was represented by the withdrawing attorney until substituting counsel enrolled. In this case, the Gordon, Arata law firm joined as additional counsel at a particular transitional point in this case, namely resisting the appeal lodged by Wells Fargo. In a different statutory context, namely the Copyright Act, the Ninth Circuit has awarded attorney fees incurred prior to formal enrollment as counsel.

*Invision Media Services, Inc. v. Glen J. Lerner*, 175 Fed.Appx. 904, 907 (9th Cir. 2006)(reversing district court refusal to award fees for work performed by attorney prior to his formal appearance in the case). In so holding, the *Invision* Court noted that cases interpreting other statutory fee-shifting provisions, such as in the civil rights context, have allowed non-enrolled attorneys to recover fees. *Id*. Moreover, since fees for the work of non-attorneys are properly recoverable, "there seems no basis for requiring an attorney who actually contributed to the work product of another attorney to do so." *Id*. Therefore, this Court finds that the fact that fees may have been incurred prior to actual enrollment is not a bar to recovery of fees for work related to this appeal.

### 5) Determination of Fees

A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, i.e., it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Texas*, 236 F.3d 256, 277, n. 79 (5th Cir.2000); *Hensley v. Eckerhart*, 461 U.S. 424, 436-437 (1983). In determining a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Board*, 919 F.2d 374, 379 (5th Cir.1990). The Fifth Circuit has noted that its "concern is not that a complete litany be

given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir.1986).

In assessing the reasonableness of attorney's fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 661 (5th Cir.2002). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996).

Plaintiff's counsel submitted contemporaneous time records detailing the work performed. The Court has no reason to doubt that the hourly rates of $375 for Louis Phillips (Partner, former Bankruptcy Judge), $225 for Brandon Brown (Partner), $200 for Robin DeLeo (Senior Counsel) and $135 for Ryan Richmond (Associate) are consistent with counsel's ability, competence, experience, and skill.

Next, the court must consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the factors set forth *in Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of

the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

While the court's analysis need not be meticulously detailed, it must articulate and clearly apply the *Johnson* criteria. *Riley*, 99 F.3d at 760. To the extent that any of the *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir.1998). The most critical factor in determining the reasonableness of an attorney's fee award "is the degree of success [or result] obtained." *Hensley*, 461 U.S. at 436. Moreover, an applicant must show that billing judgment was exercised, so that the court may determine the number of hours reasonably expended on a case. *Green*, 284 F.3d at 662.

The Fifth Circuit has warned that the first factor (time and labor involved) and the seventh factor (time limitations imposed by the client or the circumstances) are especially susceptible to "double counting." Walker, 99 F.3d at 771, 772. More recently, the Fifth Circuit held in *Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir.1993), that the novelty and complexity of the issues (factor two), the special skill and experience of counsel (factor three), the results obtained from the litigation (factor eight), and the quality of representation (factor nine) are presumably fully reflected in the lodestar amount. *Shipes*, 987 F.2d at 322. Upward adjustments to the lodestar are proper only in certain "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). Counsel does not suggest that this is one of those cases.

This Court has already considered, *supra*, several *Johnson* factors in addressing

11

defendant's objections to plaintiff's motion for fees. In addition, factors one, two, three and nine have already been considered in calculating the lodestar. The Court finds that the plaintiffs have in general exercised billing judgment. For example, the majority of hours billed, charged and included in the application were those for an attorney associate who is billed at the lowest hourly rate ($135.00 per hour)- i.e., well within the customary range for legal services performed by law firms in the geographic area. However, the Court considers the total hours expended on the Appellee Sur-Reply Brief excessive. The brief did not did not require new or extensive legal research; indeed, the majority of the brief is based on the facts of the case. Accordingly, the Court reduces the fees for the Appellee Sur-Reply Brief by 20 percent.[6]

In sum, this Court finds that fees sought by plaintiff are reasonable and that other than the Appellee Sur-Reply Brief, counsel exercised billing judgment given the numerous assignments of error and appeals. If one prevails on the merits, an aggressive litigation posture makes sense. If not, the litigation proves costly. That is what happened in this case.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that the law firm of Gordon, Arata, McCollam, Duplantis & Eagan, L.L.P. and the DeLeo Law Firm, L.L.C., f/k/a DeLeo & Ronquillo, L.L.P., attorneys for Michael

---

[6] The total fees sought for the Appellee Sur-Reply Brief ($22,663.75) includes $20,403.75 billed by the Gordon, Arata firm and $2,260 for Robin De Leo. A reduction of 20% results in a total of $18,131, of which $16,323 is awarded to Gordon, Arata and $1,808 is awarded to Robin DeLeo.

L. Jones, the Appellee-Plaintiff, are awarded attorneys' fees in the amount of $102,400.50 and out-of-pocket expenses in the amount of $1,222.01, for a total of $103,622.51. The total is to be distributed as follows: $47,230.95 to the DeLeo Law Firm and $56,391.56 to the law firm of Gordon, Arata, McCollam, Duplantis & Eagan, L.L.P.

New Orleans, Louisiana, this 30th day of March, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE