**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MICHAEL L. JONES** | * | **CIVIL ACTION** |
| | * | |
| | * | **No. 07-3599** |
| **VERSUS** | * | |
| | * | **SECTION "B"** |
| **WELLS FARGO BANK N.A.** | * | |

## ORDER AND REASONS

Appellant, Michael L. Jones ("Jones"), filed an Original Brief of the Appellant (Rec. Doc. No. 129) appealing the Bankruptcy Court's "Partial Judgment on Remand" in Adversary Proceeding No. 06-1093 (Rec. Doc. No. 129-1, p. 25). Appellee, Wells Fargo Bank N.A. ("Wells Fargo"), filed an Original Brief of the Appellee. (Rec. Doc. No. 131). Jones then filed a Reply Brief of the Appellant. (Rec. Doc. No. 132).

**IT IS ORDERED** that the Bankruptcy Court's Partial Judgment on Remand in Adversary Proceeding No. 06-1093 is **AFFIRMED.**[1]

### *BACKGROUND*

Jones, formerly a Chapter 13 debtor, filed an adversary complaint, alleging that Wells Fargo violated the automatic stay, imposed by 11 U.S.C. § 362. In its judgment dated April 13, 2007 (the "**Partial Judgment**")the Bankruptcy Court found that Wells Fargo did violate the automatic stay when it "charged [Jones]'s account

---

[1] We are grateful for the work on this case by Jonathan Drory, a University of Pennsylvania Law School extern with our Chambers.

with unreasonable fees and costs; failed to notify [Jones] that any of these postpetition charges were being added to his account; failed to seek Court approval for same; and paid itself out of estate funds delivered to it for the payment of other debt." *Jones v. Wells Fargo*, 366 B.R. 584, 600 (Bankr. E.D. La. 2007) ("**Jones I**").

The Bankruptcy Court awarded Jones $16,852.01 in actual damages and set a hearing (the "**Sanctions Hearing**") to determine whether to make an additional "award for sanctions for violation of the
automatic stay." *Id.* at 604. In advance of the Sanctions Hearing, Jones filed a motion requesting the Bankruptcy Court to award punitive damages. The Bankruptcy Court awarded Jones $67,202.45 in attorney's fees and costs but did not award punitive damages. *In re Jones,* 2007 WL 2480494 (Bankr. E.D. La. 2007) ("**Jones II**"). "[T]he imposition of monetary sanctions to reimburse Debtor for costs and legal fees incurred will not, in this Court's opinion, deter Wells Fargo from future objectionable conduct. . . . The imposition of a $ 67,202.45 damage award is de minimus, and insufficient to act as a deterrent to future misconduct." *Jones II,* 2007 WL 2480494 at *5. Therefore, the Bankruptcy Court issued the original version of an Accounting Procedures Injunction, having understood that Wells Fargo, through its trial counsel, Paul Rumage, had agreed to such procedures. *Id.* The Bankruptcy Court

twice amended its judgment and certified its "**Second Amended Judgment**" as a final, appealable ruling.

Wells Fargo appealed the Second Amended Judgment to this court on a number of grounds, including perceived errors in the issuance of the Accounting Procedures Injunction. Wells Fargo asserted as one of its assignments of error that it never consented to the district-wide injunctive measures. Jones, who, by the time of the Sanctions Hearing and the Second Amended Judgment, had received a discharge in his Chapter 13 case, did not file any appeal or cross-appeal.

One July 1, 2008, this court entered a judgment (Rec. Doc. No. 77) and memorandum opinion (Rec. Doc. No. 76; *Wells Fargo Bank, N.A. v. Jones*, 391 B.R. 577 (E.D. La. 2008)("**Jones III**")), which affirmed the Bankruptcy Court on all of the assignments of error asserted by Wells Fargo except for the Accounting Procedures Injunction. First, this court discussed the doctrine of "invited error" as possibly barring Wells Fargo's claim because Wells Fargo initially proposed the new procedures.

> The invited error doctrine provides that 'a party may not complain on appeal of errors that he himself invited or provoked the court . . . to commit.'" *Munoz v. State Farm Lloyds of Texas*, 522 F.3d 568, 573 (5th Cir. 2008). Invited error doctrine is usually applied in the context of evidentiary errors; however, the doctrine may apply under these circumstances. See *Capella v. Zurich General Acc. Liability Ins. Co.*, 194 F.2d 558, 560 (5th Cir. 1952)

> *Jones III*, 391 B.R. at 607.

However, this court also decided to address the authority and reasoning of the Bankruptcy Court in ordering the Accounting Procedures Injunction :

> The Bankruptcy Court clearly had the authority to impose punitive damages against Wells Fargo pursuant to Section 362 because the Bankruptcy Court determined that Wells Fargo's conduct was 'egregious.' However, the record does not indicate that the Bankruptcy Court considered whether imposing the new accounting procedures, as equitable relief, was warranted because there was 'no adequate legal remedy.'

*Jones III*, 391 B.R. at 609.

This court also provided further reasoning for its decision to remand.

> In addition, it does not appear from the record that the Bankruptcy Court considered the [Fifth Circuit's] four-part test for injunctive relief before imposing the new accounting procedures '[a]s an alternative to the imposition of punitive monetary damages.' Again, this Court notes that the action of the Bankruptcy Judge may well have seemed justified in light of Wells Fargo having proposed the new accounting procedures in the first place. However, it appears that Wells Fargo's "consent" to the new accounting procedures has been revoked. Accordingly, the equitable remedy that the Bankruptcy Judge imposed must be remanded for additional consideration.

*Jones III*, 391 B.R. at 609.

Wells Fargo appealed this court's judgment to the Fifth Circuit. The Fifth Circuit dismissed the appeal on October 1, 2008 for lack of jurisdiction, and the bankruptcy court held a remand hearing on March 13, 2009. On October 1, 2009, the Bankruptcy Court entered a Remand Judgment and memorandum opinion. *Jones v. Wells*

*Fargo Home Mortgage, Inc.*, 418 B.R. 687 (Bankr. E.D. La. 2009) ("**Jones IV**").

First, the Bankruptcy Court acknowledged that the District Court requested consideration of the "four prong test" for injunctive relief. *Jones IV*, 418 B.R. at 692 n.12. The Bankruptcy Court, however, interpreted a subsequent but related decision, *In re Stewart*, 2009 WL 2448054, as revising its directive, noting that this court found the "four prong test" inapplicable to this circumstance. *Id.* Next, the Bankruptcy Court addressed the scope of remand, holding that a request for monetary punitive damages was not barred on remand because this court "remanded this matter to consider whether an adequate, alternative, legal remedy to injunctive relief exists." *Jones IV*, 418 B.R. at 693.

Third, the Bankruptcy Court addressed its inherent authority to sanction parties and control its court. "It is well-settled that a federal court, acting under its inherent authority, may impose sanctions against litigants or lawyers appearing before the court so long as the court makes a specific finding that they engaged in bad faith conduct." *Jones IV*, 418 B.R. at 696 (quoting *In re Yorkshire LLC*, 540 F.3d 328, 332 (5th Cir. 2008)). The Bankruptcy Court also noted that this power included injunctive relief, "[t]he power to issue an injunction when necessary to prevent the defeat or impairment of its jurisdiction is, therefore, inherent in a court

of bankruptcy . . .." *Jones IV*, 418 B.R. at 697 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

In analyzing the appropriateness of injunctive relief the Bankruptcy Court cited several Fifth Circuit opinions holding that traditional standards for issuing injunctive relief are inapplicable to injunctions issued to protect a court's inherent authority and control of its docket. *Id.* See *Baum v. Blue Moon Ventures, L.L.C.*, 513 F.3d 181 (5th Cir. 2008); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "In determining the propriety of a sanction in the form of injunctive relief, a Court considers the party's history of litigation, whether or not it has a good faith basis for pursuing the litigation, the extent of the burden on the court and other parties resulting from the party's filings, and the adequacy of alternative sanctions." *Jones IV*, 418 B.R. at 697 (citing *Blue Moon Ventures*, 513 F.3d at 189). The Bankruptcy Court addressed these factors and affirmed the injunctive measures while again denying any monetary punitive damages. *Jones IV*, 418 B.R. at 702.

### *CONTENTIONS OF PARTIES*

Appellant, Michael Jones, argues that the scope of review includes punitive damages. Jones encourages this court to adopt the reasoning of the Bankruptcy Court, which held that the Bankruptcy Court could consider monetary punitive damages on remand because the remand order wanted the Bankruptcy Court to consider the adequacy

of legal remedies. (Rec. Doc. No. 132, p. 5). Jones then contends that the Bankruptcy Court committed legal error by: (1) imposing injunctive measures in lieu of monetary punitive damages (Rec. Doc. No. 129, p. 11); (2) not applying the Fifth Circuit egregiousness standard properly (Rec. Doc. No. 129, p. 16); and (3) not following this court's mandate on remand. (Rec. Doc. No. 129, p. 20) Alternatively, Jones argues that the Bankruptcy Court abused its discretion in failing to award monetary punitive damages. (Rec. Doc. No. 129, p. 22).

Appellee, Wells Fargo, first argues that Jones' appeal here is barred because of his failure to appeal the September 2007 final judgment which denied him punitive damages. (Rec. Doc. No. 131, p. 1). Wells Fargo argues that this court stated in the first appeal only that the "equitable remedy that the Bankruptcy Judge imposed must be remanded for additional consideration." *Jones III*, 391 B.R. at 610. Wells Fargo argues that the only equitable remedy at issue was the injunction and therefore the remand was limited in scope and did not include the monetary punitive damages issue. Wells Fargo argues that the adequacy of legal remedies was only mentioned as an element in the Fifth Circuit's four-part test for an injunction. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006).

Wells Fargo also emphasizes that 11 U.S.C. § 362(k) provides that an individual injured by a wilful stay violation "*shall* recover actual damages" and "in appropriate circumstances, *may* recover

punitive damages." (emphasis added). Punitive damages are discretionary not mandatory. (Rec. Doc. No. 131, p. 16). Appellee next argues that the injunction was not in lieu of monetary punitive damages, but that the Bankruptcy Court first determined that punitive damages were not an adequate legal remedy. (Rec. Doc. No. 131, p. 22-23).

Finally, Appellee argues that the Bankruptcy Court dealt with the proper test on remand when the court acknowledged that this court requested consideration of the *City of Dallas* four part test but interpreted this court's subsequent decision in *In re Stewart* as a revision of that directive. Moreover, Wells Fargo claims that even if this court finds that the Bankruptcy Court used the wrong test for an injunction, Jones lacks standing to appeal (and has not appealed) the injunction because he ceased to be a bankruptcy debtor before the accounting procedures were imposed. Wells Fargo argues that under either test the Bankruptcy Court decided that monetary punitive damages were not an adequate legal remedy.

## *DISCUSSION*

### Standard of Review

The Fifth Circuit has consistently held that the standard of review applicable to bankruptcy appeals in a district court is the same as the standard applied by a Court of Appeals to a district court proceeding. *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir.

1989). Factual findings of the Bankruptcy Court are reviewed for clear error, FED. R. BANKR. P. 8013, and the appellant has the burden of demonstrating that the bankruptcy court's findings are clearly erroneous. *In re Drehsen*, 190 B.R. 441, 442 (M.D. Fla. 1995). Conclusions of law, and mixed conclusions of law and fact are reviewed *de novo*. *In re Nation Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000).

The imposition of sanctions is a matter of discretion for the bankruptcy court, and is reviewed under an abuse of discretion standard. *In re Kendavis Holding Co.*, 249 F.3d 383, 385 (5th Cir. 2001), *reh'g and reh'g en banc denied*, 275 F.3d 48 (5th Cir. 2001). The Fifth Circuit has held that the abuse of discretion standard accords lower courts significant deference. *Hook v. Morrison Milling Co.*, 38 F.3d 776, 786 (5th Cir. 1994). "Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court." *Friends for Am. Free Enter. Ass'n v. Wal-Mart Stores, Inc.*, 284 F.3d 575, 578 (5th Cir.2002) (internal quotation omitted). A trial court "necessarily abuse[s] its discretion if it base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

**Decision not to Impose Monetary Punitive Damages**

On remand the Bankruptcy Court was asked to consider whether

an adequate, alternative, legal remedy existed to injunctive relief.

Both parties agreed that punitive damages were a possible legal remedy to address stay violations under section 362(k)(1), which provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages."  Additionally, the Bankruptcy Court acknowledged that it had the authority to impose punitive damages against Wells Fargo because it determined that Wells Fargo's conduct was egregious.  *Jones IV*, 418 B.R. at 701.

The bankruptcy court, however, determined that monetary punitive damages would not deter or punish Wells Fargo.  *Id.*  The court thoroughly explained why there was no adequate, alternative, legal remedy and justified its decision to maintain the Accounting Procedures Injunction.  *Id.* at 702.  It used the case of *Slick v. Northwest Mortgage, Inc., et al,* 2002 Bankr. Lexis 772 (Bankr. S.D. Ala. 2002), to illustrate the ineffectiveness of punitive damages as a deterrent to Northwest Mortgage, Inc. now known as Wells Fargo.  The Bankruptcy Court also decided that imposing punitive damages in addition to the Accounting Procedures Injunction would be inconsistent with the purpose of punitive damages, punishment or deterrence.  *Id.*

This decision not to impose punitive damages is reviewed under an abuse of discretion standard and the decision of the Bankruptcy

Court should be given significant deference. *Hook*, 38 F.3d at 786. "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Bolen v. Adams*, 403 B.R. 396, 398-99 (N.D. Miss. 2009).

Appellant cites various cases in which punitive damages were imposed, claiming similarity to the current case, to argue that the Bankruptcy Court abused its discretion when it did not impose punitive damages. *See In re Kortz,* 283 B.R. 706 (Bankr. N.D. Ohio 2002); *In re Curtis*, 322 B.R. 470 (Bankr. D. Mass. 2005); *In re Pawlowicz*, 337 B.R. 640 (Bankr. N.D. Ohio 2005); *In re Bolen*, 295 B.R. 803, (Bankr. D.S.C. 2002). This argument is unconvincing because there are numerous cases in which punitive damages were not imposed.[2] Punitive damages are discretionary rather than mandatory, and the statute does not create an entitlement to punitive damages even upon the finding of "appropriate circumstances." *See* 11 U.S.C. § 362(k).

Therefore, Appellant has failed to satisfy his burden to show an abuse of discretion. He has failed to show that "no reasonable

---

[2] *See, e.g.*, *In re Roberts*, 175 B.R. 339, 344 (B.A.P. 9th Cir. 1994) (finding that Bankruptcy Court did not abuse its discretion in rejecting punitive damages despite finding willful stay violations, after learning of the debtors' bankruptcy filing).

person could take the view adopted by the [bankruptcy] court." *Friends for Am. Free Enter. Ass'n*, 284 F.3d at. 578.

Since the Bankruptcy Court did not abuse its discretion in refusing to grant punitive damages, and since Wells Fargo has not appealed the Accounting Procedures Injunction, this court does not need to address issues surrounding the imposition or justification of the injunction. This court, however, does note that it has already upheld the Accounting Procedures Injunction in a related case. *See In re Stewart*, 2009 WL 2448054 *14-15.


New Orleans, Louisiana, this 19th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE